**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IVANHOE FINANCIAL, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 03 C 7335 |
| v. | ) ) ) | Judge Amy St. Eve |
| MORTGAGE SOUTH CORPORATION, an Illinois corporation, | ) ) ) | Magistrate Judge Arlander Keys |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT
AGAINST MORTGAGE SOUTH CORPORATION**

Plaintiff Ivanhoe Financial, Inc. ("Plaintiff" or "Ivanhoe"), by and through its counsel, hereby requests that the Court enter a Final Judgment By Consent Against Defendant Mortgage South Corporation ("Defendant" or "Mortgage South") in accordance with the Settlement Agreement and Release dated June 24, 2004 between Ivanhoe and Mortgage South ("Settlement Agreement"), submitted herewith as Exhibit A, and the Forbearance Agreement and Amendment to Settlement Agreement and Release dated June 24, 2004 dated November 1, 2005 ("Forbearance Agreement"), submitted herewith as Exhibit B. In support hereof, Ivanhoe states:

**I.   Defendant Entered Into A Valid And Binding Settlement Agreement**

1.   Plaintiff's Complaint herein was filed on October 16, 2003. Plaintiff's claims for breach of contract and negligent misrepresentation arose from the submission by Defendant to Plaintiff of certain loan application packages pursuant to the Broker/Lender Agreement between the parties, which packages contained false and fraudulent information upon which Plaintiff

relied in making three residential mortgage loans on property in Illinois. Plaintiff claimed more than $950,000.00 in damages against Defendant.

2.  On May 20, 2004, the Court entered an order referring the case to Magistrate Judge Arlander Keys for a settlement conference. The parties appeared before Judge Keys for the settlement conference on June 22, 2004, with representatives from both Plaintiff and Defendant appearing with full authority to settle. With the assistance of Judge Keys, the parties reached an agreement in principle at the conference to settle the matter, with the final settlement agreement to be subsequently prepared.

3.  Plaintiff and Defendant thereafter entered into the Settlement Agreement (Exhibit A). Pursuant thereto, Defendant, *inter alia*, agreed to a settlement amount which required an initial payment with the remaining balance (the "Account") to be paid over the next seven years in monthly installments of Five Thousand Fifty-Nine and 53/100 Dollars ($5,059.53). Ex. A, ¶ 1(B). Mortgage South subsequently defaulted under the Settlement Agreement.

4.  Plaintiff, Defendant and James Espinosa, personally, thereafter entered into the Forbearance Agreement (Exhibit B).

5.  Pursuant to the Forbearance Agreement, Defendant and James Espinosa ("Espinosa"), personally, agreed to make monthly payments of One thousand Five hundred and no/100 Dollars ($1,500.00) for a period of two years, commencing November 1, 2005, and on December 1, 2007 would return to monthly payments of Five thousand Fifty-Nine and 53/100 Dollars ($5,059.53) as originally set out in the Settlement Agreement.

6. Among other things, the Forbearance Agreement amended Paragraph 1(C) of the Settlement Agreement to provide in relevant part:

> C. If the Account remains in default for a period of 30 days after Ivanhoe's sending of the notice of default by certified mail or overnight courier referred to in Paragraph 1(B) above or if a Termination Event occurs under the Forbearance Agreement between Ivanhoe, Mortgage South, and Espinosa, dated November 1, 2005 ("Forbearance Agreement"), then Mortgage South shall be deemed to have consented to the entry of a Final Judgment in the form attached hereto as Exhibit A without any further notice or other action required on Ivanhoe's part (the "Consent"). The Final Judgment shall be in the amount of SEVEN HUNDRED FIFTY THOUSAND DOLLARS ($750,000.00), less the amounts paid by Mortgage South to the date of Consent. The Final Judgment may be filed by Ivanhoe with the Court if the Account remains in default for a period of 30 days after Ivanhoe's sending of the notice of default by certified mail or overnight courier. A notarized statement by any officer of Ivanhoe attesting to the date and method of sending such notice shall be deemed sufficient to prove the sending of the notice of default by Ivanhoe. Mortgage South agrees that the Final Judgment, in the form attached hereto, may be presented by Ivanhoe to the Court in this action for signature without the necessity of a hearing.

## II. **Defendant and Espinosa Defaulted Under the Agreements, Warranting The Entry of Judgment**

7. Defendant and Espinosa subsequently defaulted under the Forbearance Agreement by failing to make the required monthly payments of $5,059.53 and by failing to cure the default within 30 days after Ivanhoe sent to Mortgage South and Espinosa a notice of default. As attested to by Paul Reich (President of Ivanhoe) in his Affidavit attached hereto as Exhibit C:

> Beginning in December 2007, Mortgage South and Espinosa failed to make their monthly settlement payments of Five Thousand Fifty-Nine and 53/100 Dollars ($5,059.53) as required under Paragraph 4(B) of the Forbearance Agreement. Pursuant to Paragraph 4(B), on or about March 24, 2008, Ivanhoe, through its attorneys, sent to Mortgage South and Espinosa (via overnight delivery) a written notice of their default under the Agreement. In accordance with the Settlement and Forbearance Agreements, the notice of default was addressed to James Espinosa, Mortgage South Corporation, 2709 West 51st Street, Chicago, Illinois, 60632. Delivery receipt confirms delivery of the notice of default to Mortgage South and Espinosa on March 25, 2008.

Ex. C, ¶ 2.

8. Defendant's and Espinosa's default under the Forbearance Agreement continued for a period in excess of 30 days after Ivanhoe's sending of the notice of default in accordance with Paragraph 5 of the Forbearance Agreement, and such default continues today. See Reich Aff., Ex. C, ¶ 3. Accordingly, Defendant is deemed to have consented to the entry of the Final Judgment by Consent Against Mortgage South Corporation (attached hereto as Exhibit D) in the amount of Five Hundred Ninety Thousand Two Hundred Twenty-Five and 71/100 Dollars ($590,225.71) in accordance with Paragraph 5 of the Forbearance Agreement.[1] Pursuant to Paragraph 5 of the Forbearance Agreement, Defendant agreed that the Final Judgment may be presented by Ivanhoe to the Court for signature without the necessity of a hearing. Ex. B, ¶ 5.

**III.  Conclusion**

For the reasons stated herein, Plaintiff requests that the Court sign and enter the Final Judgment (Exhibit D) in accordance with the Settlement and Forbearance Agreements between the parties.

Dated: July 18, 2008.                                       Respectfully submitted,


                                                    /s/ Daniel J. Becka
                                                    Daniel J. Becka

Daniel J. Becka
MYRON M. CHERRY & ASSOCIATES LLC
30 North LaSalle Street
Suite 2300
Chicago, Illinois  60602
(312) 372-2100
Attorneys for Plaintiff Ivanhoe Financial, Inc.

---

[1] Such Final Judgment is identical to Exhibit A to the Settlement Agreement, except that the amount of the Judgment reflects the agreed upon amount of $750,000.00 less the payments made by Defendant to date ($159,774.29), in accordance with Paragraph 5 of the Forbearance Agreement.